Antonie Pospisil, Defendant in Error, v. Frank G. Hajicek, Plaintiff in Error.

Gen. No. 19,164.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FREDERICK L. FAKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed December 31, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Action by Antonie Pospisil against Frank G. Hajicek to recover the unpaid part of an alleged deposit of $1,200 made by plaintiff in defendant's private bank. To reverse a judgment entered on a verdict in favor of plaintiff for $900, defendant prosecutes a writ of error.

The record evidence disclosed that plaintiff and her husband were saloon keepers who usually kept a great deal of their money at their home, and were doing a profitable saloon business and were also keeping boarders, and that they were taking in from $50 to $100 a day. Both of them had had deposit accounts at the bank of defendant for years, and on August 10, 1910, plaintiff opened a new account in her name by then depositing in gold, currency and checks the sum of $1,200. She only made two deposits there after that date, one of $600, June 19, 1911, and the other July 11, 1911, and she never checked any of said moneys out of the bank up to January 13, 1912. On said last date she went to the bank to collect her interest, and Rudolph Hajicek, brother of defendant, calculated her interest at something over $60, informing her of the interest due she said it was not enough. He replied: "How much interest do you want on $2,100?" She at once replied, "Lord, we have $3,000 here!" He then looked at the books of the bank and her pass book and told her, as she testified: "You have your money here, $3,100 with interest." She asked him then to write it in her book, as she was then informed that her book did not show it. He testified that what he meant was that she and her husband both had over $3,000 there. He refused to credit her pass book further unless she would bring him some written evidence that she had made more deposits than her pass book showed. She and her daughter both testified positively that on July 11, 1911, she deposited $1,200,—$300 in gold and $900 in currency; that they both saw her husband

count it the night before, and that on that day between one and two o'clock P. M. she carried it to the bank in her purse, the currency with a paper band around it marked "$900," as the husband had fixed it the night before, and the gold tied up in a handkerchief; that Rudolph Hajicek counted it, made an entry in her pass book, slipped it into an envelope and handed it to her; that she returned to the saloon, found a large crowd there, threw the pass book into a drawer, and never saw it any more until she went back for her interest as aforesaid. Neither she nor her daughter ever looked at the pass book, as they testified, until January 13, 1912, when they learned that it only showed $300 deposited July 11, 1911. The pass book and the deposit slip made out by Rudolph only showed a $300 deposit. Rudolph could only remember or testify as to the amount of the deposit by the pass book, the deposit slip and the bank books, and from these testified that she on that date only deposited $300, and that the books showed it all to be currency. He also testified that the deposit slip showed it to be all currency. It was put in evidence and the original is in the record, and it clearly shows the $300 to be gold as the figures showing the amount are written in the space for gold, below the one just above for currency, thus corroborating her as to the amount of gold deposited on that date. The evidence also disclosed that the parties are all Bohemians, and that plaintiff cannot read English or Bohemian, but that she knows figures when she sees them. The daughter could read and write English.

SMEJKAL, KLENHA & KRASA, for plaintiff in error; HWASS & LUEBECK, of counsel.

WINSTON & LOWY, for defendant in error; CHARLES F. LOWY, of counsel.

MR. JUSTICE DUNCAN delivered the opinion of the court.

Pospisil v. Hajicek, 190 Ill. App. 638.

## Abstract of the Decision.

1. BANKS AND BANKING, § 119*—*effect of acceptance of pass book without examining entries therein.* The reception of a pass book by a depositor with the entries therein made without examining the same and without complaint constitutes an implied acquiescence in the correctness of the entries and makes the entries an account stated between the parties.

2. BANKS AND BANKING, § 119*—*conclusiveness of entries in pass book.* The acceptance of a pass book and an acquiescence by the depositor in the correctness of the entries therein are not conclusive on the depositor, but it requires clear and satisfactory proof to open up the transaction and recover for a mistake in the entries, as in the case of opening stated accounts between other individuals.

3. BANKS AND BANKING, § 118a*—*when finding as to fact of deposit sustained by evidence.* In an action to recover an unpaid part of an alleged deposit in defendant's private bank, which amount the defendant denied was ever deposited, a verdict for plaintiff *held* supported by the evidence, it appearing that plaintiff was unable to read English, that she was corroborated in several particulars and that she had made only three deposits, so that she should have been able to know approximately how much she had in the bank, and it also appearing that both the plaintiff and defendant were guilty of negligence, the former in not examining the pass book before she left the bank, and the latter in not requiring the plaintiff to make out the deposit slip.

4. APPEAL AND ERROR, § 1401*—*matters not considered in impeaching verdict.* Neither the testimony of jurors nor of outsiders as to facts derived from members of the jury concerning their action as jurors can be considered by a court of review for the purpose of impeaching the verdict.

5. BANKS AND BANKING, § 118*—*admissibility of evidence.* In an action to recover an unpaid part of an alleged deposit in defendant's private bank which defendant claimed was never deposited, permitting plaintiff to prove the profits of defendant in said bank for the last five years of its existence, *held* improper but not reversible error, it appearing that the defendant testified positively that he made no profits in the bank during that time, and his testimony was uncontradicted.

6. APPEAL AND ERROR, § 549*—*when error in admission of evidence not preserved for review.* The improper admission of evidence is not preserved for review where the record shows no ruling of the court on the question of its relevancy or competency, and hence no exception to any such ruling.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.